Catherine LENSSEN, et al., Appellants,

v.

FARM BUREAU MUTUAL INSURANCE COMPANY, et al., Respondents.

No. C5–87–2074.

Court of Appeals of Minnesota.

March 29, 1988.

Review Denied May 25, 1988.

Alan Baker, Baker Legal Clinic, Fargo, N.D., for appellants.

Steven L. Marquart, Cahill & Maring, P.A., Moorhead, for respondents.

Heard, considered and decided by FOLEY, P.J., and NORTON and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Acting Judge.

Catherine and Jerry Lenssen appeal from a summary judgment granted in favor of respondents Farm Bureau Mutual Insurance Company and Dan Menke, a Farm Bureau agent. The trial court ruled the Lenssens were barred from claiming underinsurance benefits under their policy with Farm Bureau due to the Lenssens' failure to give timely notice of intent to settle claims against the underinsured tortfeasor. We affirm.

## FACTS

Catherine Lenssen sustained injuries when her automobile was rear-ended by a vehicle driven by Barry Shaleen on August 2, 1982. Shaleen carried insurance that provided personal injury liability limits of $25,000 per person. Although the accident occurred in Fargo, North Dakota, both drivers were residents of Minnesota. Shaleen died in August 1983, before the claims arising from this accident were resolved.

Lenssen was insured under a policy with respondent Farm Bureau Mutual Insurance Company which included underinsured motorist coverage. By letter dated October 19, 1984, Lenssen notified Dan Menke, a Farm Bureau agent, of a tentative settlement with Shaleen's insurer. On October 31, 1984, without receiving any response from Farm Bureau, Catherine Lenssen and her husband, appellant Jerry Lenssen executed a settlement and release with Shaleen's insurer for $16,500. Farm Bureau notified the Lenssens on November 14, 1984 that their claim for underinsurance coverage was denied because of the unauthorized settlement with Shaleen's insurer.

The Lenssens sued Farm Bureau and Menke for recovery of underinsurance benefits and damages for bad faith, unfair practices, misrepresentation, loss of past and future income, and infliction of emotional distress. Farm Bureau and Menke moved the trial court for partial summary judgment dismissing the Lenssens' claim for underinsurance benefits. The trial court granted the motion, ruling the Lenssens were barred from claiming underinsurance benefits under their policy with Farm Bureau due to the Lenssens' failure to give proper and timely notice of intent to settle claims against the underinsured tortfeasor. The court indicated there was no just reason for delay and entered a final partial judgment.

## ISSUE

Does the doctrine of *Schmidt v. Clothier* apply to preclude recovery of underinsured motorist benefits where the Lenssens failed to give timely notice to Farm Bureau before settlement and release of Shaleen's insurer?

## ANALYSIS

Under *Schmidt v. Clothier*, 338 N.W.2d 256, 263 (Minn.1983), an underinsurer is entitled to 30 days' notice of a tentative settlement agreement and an opportunity to protect potential subrogation rights by paying underinsurance benefits before release. *Schmidt* involved underin-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

sured motorist coverage and subrogation rights under Minn.Stat. § 65B.49, subd. 6(e) (1978), which provided in part that an insurer is "subrogated to any amounts it pays and upon payment has an assignment of the judgment if any * * * to the extent of the money it pays," but was repealed in 1980. 1980 Minn. Laws ch. 539, § 7 (effective April 12, 1980). In *Klang v. American Family Insurance Group*, 398 N.W.2d 49, 50–51 (Minn.Ct.App.1986), we held the repeal of this statute did not affect the nature of an underinsurer's subrogation rights because they were governed by common law. We further held the appropriate remedy for failure to give a 30–day *Schmidt* notice is forfeiture of an insured's right of action against the underinsurer for underinsured motorist benefits. *Klang*, 398 N.W.2d at 52.

The Lenssens concede they did not give the required notice but claim *Klang* was wrongly decided because the repeal of Minn.Stat. § 65B.49, subd. 6(e) removed the underinsurer's right of subrogation. Thus, they claim Farm Bureau had nothing to lose when the Lenssens settled with Shaleen's insurer without a proper *Schmidt* notice. The fact that section 65B.49, subd. 6(e) was repealed has no bearing on case law or the contract rights of the parties, and no statute has been enacted which prohibits this subrogation. Under the rule stated in *Klang*, and restated in the recent case, *Fladager v. Farm Bureau Mutual Insurance Co.*, 414 N.W.2d 551, 554 (Minn. Ct.App.1987), the Lenssens cannot recover underinsured benefits due to their failure to give adequate *Schmidt* notice.

■ Finally, the Lenssens claim the *Schmidt* notice prior to their settlement with Shaleen's insurer was unnecessary in this case because Farm Bureau's claims against Shaleen's estate and insurer have not been compromised in any way from the settlement. The Lenssens acknowledge Minnesota law applies to the contract of insurance between them and Farm Bureau, but claim North Dakota law applies to any claim against Shaleen's estate or insurer and would still allow Farm Bureau to recover against Shaleen's estate. The claim against Shaleen was not before the trial court and our opinion regarding that issue would not bind Shaleen who is not a party to this action. We decline to issue an advisory opinion deciding which law applies to a claim not before us, which would not likely bind the parties to that claim.

## DECISION

The trial court's grant of summary judgment to respondents Farm Bureau Mutual Insurance Company and Dan Menke is affirmed.

Affirmed.